Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 555 | **DATE** | 11/10/2003 |
| **CASE TITLE** | UNION PACIFIC RR CO. vs. CITY OF DES PLAINES, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter amended memorandum opinion and order regarding motion to dismiss.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | NOV 17 2003 | |
| | | | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Union Pacific Railroad Company, a
Delaware corporation,

    Plaintiff,

v.

The City of Des Plaines, et al.,

    Defendants.

No. 03 C 0555
Judge James B. Zagel

NOV 1 7 2003

## AMENDED MEMORANDUM OPINION AND ORDER

Wisconsin Central and the Union Pacific, two railroads, sued the City of Des Plaines and the commissioners of the Illinois Commerce Commission. The railroads seek a declaration that they are not responsible for changing some aspects of a viaduct-the railroad bridge- over which their trains run.

The railroad bridge is a span over U.S. 14 as the road winds its way through Des Plaines. The Illinois Department of Transportation (and the City of Des Plaines) would like to make Route 14 straighter to improve the flow of traffic, as would anyone, such as I, who has ever encountered that particular S curve. To do this, they need to have the railroad bridge replaced with two new bridges. They want the railroads to pay.

Before the new bridge proposal was presented, there had been debris falling from the railroad bridge, and Des Plaines had sought relief at the Commerce Commission. The railroad agreed to perform work to correct the problem. Along came the new proposal from

IDOT which contemplated that IDOT would pay one-third of the cost of the bridge while the railroads would pay two-thirds.

The Union Pacific took the position that the proposal was primarily a highway project with no real benefit to the railroad. The existing railroad bridge had twenty years of life left and served well enough for railroad operations. Des Plaines demurred and said it would amend its petition before the ICC to request that ICC order the railroads to bear the whole cost of replacement. The ICC denied leave to amend saying that if the issue was to be addressed, a new petition would have to be filed.

The railroads want a declaration that they are not to bear the costs and an injunction against Des Plaines precluding the filing of a petition.

I think it is fair to say that Des Plaines would be satisfied if the issue were addressed by this court or by the ICC. What Des Plaines does not want is to begin a proceeding before the ICC, spend a lot of time with it only to be told that the ICC has no authority to act in the matter. This possibility exists because the railroads say that jurisdiction over this issue lies in the Surface Transportation Board and nowhere else citing 49 U.S.C. § 10501 (b).

The Commissioners say there is no case or controversy here because there is no matter pending before it. They also contend that their authority is not preempted by federal law.

Des Plaines has filed here a draft of the petition they would file before the ICC if the bridge question cannot be resolved here. There is no potential interference with an ongoing state administrative proceeding because all parties agree there is no such proceeding.

There is a real dispute here between the railroads and Des Plaines. It is true that the road project has had an off-again, on-again history since the 1970s. In this latest round the project got fairly far along, plans were completed. But IDOT would not fund the project without the railroad money and has threatened to withdraw its commitment to fund one-third of the bridge's cost unless the railroads ante up. Declaratory relief in such circumstances is not precluded. What, at a very minimum, the railroads seek to prevent is the cost and bother of going through a pointless ICC proceeding. This is relief to which they are entitled if the ICC's authority has been preempted.

The ICC says there is no preemption. Its authority is based on 625 ILCS 5/18c-7401 which gives the ICC "power...to require the reconstruction...of any crossing...of any railroad across any highway...by overhead structure...whenever the Commission finds...that such reconstruction...is necessary to preserve or promote the safety or convenience of the public..."

49 U.S.C. § 10501 says of the Surface Transportation Board that

> (b) The jurisdiction of the Board over--
> *******
> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State...is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

Congressional policy underlying this provision was set forth in 49 U.S.C. § 20106 which stated:

> Laws, regulations, and orders related to railroad safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable. A State may adopt or continue in force a law, regulation, or order

3

> related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety or security when the law, regulation, or order--
> (1) is necessary to eliminate or reduce an essentially local safety or security hazard;
> (2) is not incompatible with a law, regulation, or order of the United States Government; and(3) does not unreasonably burden interstate commerce.

The ICC has described what it would do if Des Plaines were to file a petition. The one thing that the ICC has not said they would do is to determine whether or not the project which requires the building of two new bridges is "necessary to eliminate or reduce an essentially local safety or security hazard."

This may be an odd omission because what may be alleged, and assumed to be true if it is, is that "the proposal was primarily a highway project with little, if any, benefit to [the railroads]." The complaint does not squarely allege that the project has no amelioration of a local safety or security hazard or that it is incompatible with federal rules or that it unreasonably burdens interstate commerce. So I do not view the ICC as taking the position that it could, eventually, order the cost of the bridges to be borne by the railroads *without* determining that such an order meets the requirements of § 20106.

It is my opinion that § 20106 precludes the declaratory and injunctive relief sought here. I agree with the railroads that it is unlikely that construction of the bridges could be taxed to them because it is unlikely that what is at stake here is a local safety or security hazard within the meaning of the law. But, by passage of § 20106, Congress has authorized agencies like the ICC to hear and decide the question. What is or is not an essentially local

4

hazard is a question of fact and nothing in the federal law precludes the ICC from deciding it in the first instance.

The motion to dismiss is granted.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: NOV 1 0 2003